UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM EURE, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>                 Plaintiff,<br><br>   vs.<br><br>RYDER INTEGRATED LOGISTICS, INC., a corporation; RYDER DEDICATED LOGISTICS, INC., a corporation, and DOES 1-100, inclusive,<br><br>                Defendants. | CASE NO.: 16-CV-00324-MCE-AC<br><br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br><br>Action Filed: April 20, 2015<br>Action Removed: February 17, 2016 |

In this wage and hour putative class action (the "Action"), Plaintiff represents a class of current and former hourly drivers for Defendant Ryder. Plaintiff alleges violations of certain labor laws stemming from Defendant's meal and rest policies which, Plaintiff contends, incentivize drivers to skip meals and breaks. Plaintiff further contends that the policies require drivers to be reachable—and thus on duty—during those meal and break periods.

Presently before the Court is Plaintiff's unopposed Application for Preliminary Approval of the Class Action Settlement (the "Settlement Agreement," ECF No. 27), which together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and entry of judgment upon the terms and conditions set forth therein. The Court has read and considered the Memorandum of Points and Authorities in support of Plaintiff's unopposed motion, Declaration of William Turley, Esq., and attached exhibits (ECF Nos. 25 and 27). For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

As an overview, the Settlement Agreement provides for the following:

- Defendant will pay a total Gross Settlement Amount ("GSA") of three hundred thousand dollars ($300,000.00), which amount includes all Settlement Payments to individual Class Members, all attorney's fees and expenses, the employee and employer portions of all required payroll withholdings/taxes, any Class Representative Enhancement Award, settlement administration costs and expenses, and any penalty amounts. No amount of the GSA will revert to Defendants.

- The proposed Class consists of all individuals who are or were employed by Defendant in California as drivers who were paid exclusively on an hourly basis at any time between April 20, 2011 and the date of preliminary approval.

- The Agreement shall be administered on an opt-out basis.

///

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

- The Settlement Administrator shall be CPT Group, Inc. Settlement administration fees are estimated not to exceed $20,000.00. If the actual cost is more or less than $20,000.00, such funds shall be added to or subtracted from the Net Settlement Amount ("NSA").

- The Class Representative may seek an Enhancement Award of not more than $5,000.00, which amount will come from the GSA.

- Class Counsel may seek attorney's fees of up to 25% of the GSA, or $75,000.00. Counsel may also seek costs not to exceed $20,000.00.

After review and consideration of the Settlement Agreement (ECF No. 27), Plaintiff's Motion for Preliminary Approval, and the papers in support thereof (ECF No. 25), the Court hereby finds as follows:

1.      The Settlement Agreement falls within the range of reasonableness meriting possible final approval.

2.      The certification of the Class solely for purposes of settlement is appropriate in that: (1) the Class Members are so numerous that joinder of all Class Members is impracticable; (2) there are questions of law and fact common to the Class which predominate over any individual questions; (3) Plaintiff's claims are typical of the claims of the Class; (4) Plaintiff and his counsel have fairly and adequately represented and protected the interests of the Class; and (5) a class action, and class-wide resolution of the Action via class settlement procedures is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      The Settlement Agreement, and the obligations of the Parties as set forth therein, is fair and reasonable, and is an adequate settlement of this case. It is in the best interests of the Class in light of the factual, legal, practical, and procedural considerations raised by this case.

4.      Plaintiff does not have any conflicts that would preclude him from serving as Class Representative, and his appointment comports with the requirements of due process.
///

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

5.      Class Counsel does not have any conflicts that would preclude them from acting as Class Counsel, and they meet the requirements of the Federal Rules of Civil Procedure for appointment as Class Counsel and the requirements of due process.

6.      The Notice of Class Settlement attached as Exhibit 1 to the Settlement Agreement (see ECF Nos. 25-1, 27) complies with due process because the Notice of Class Settlement is reasonably calculated to adequately apprise Class Members of: (i) the pending lawsuit; (ii) the terms of the proposed Settlement Agreement; and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.  Plaintiff's proposed plan for class notice and settlement administration is the best notice practicable under the circumstances and is in full compliance with the Federal Rules of Civil Procedure and the requirements of due process.  Further, the Notice of Class Settlement complies with the Federal Rules of Civil Procedure and the requirements of due process, and is appropriate as part of the proposed plan for notice to Class Members.

Plaintiff's unopposed Application for Preliminary Approval of the Class Action Settlement, ECF No. 25, is therefore GRANTED.  IT IS HEREBY ORDERED as follows:

1.      The Court finds on a preliminary basis that the provisions of the Settlement Agreement, filed with the Court as Exhibit 1 to the Declaration of William Turley, Esq. (ECF No. 27), are fair, just, reasonable, and adequate and, therefore, the Agreement meets the requirements for preliminary approval.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998); Joel A. v. Giuliani, 218 F.3d 132, 138 (2nd Cir. 2000).

2.      The Court certifies, for settlement purposes only, the following class ("Class") described in the Motion for Preliminary Approval: All individuals who are or were employed by Defendant in California as drivers who were paid exclusively on an hourly basis at any time between April 20, 2011 and the date of preliminary approval.  (ECF No. 27, at ¶ 4)

3.      The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied.

///

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    4.    This Order, which conditionally certifies a class action for settlement purposes

2    only, shall not be cited in this or any matter for the purpose of seeking class certification,

3    opposing decertification, or for any other purpose, other than enforcing the terms of the

4    Agreement.

5    5.    The Court appoints for settlement purposes only, as the Class

6    Representative, Tim Eure.

7    6.    The Court appoints for settlement purposes only, William Turley, David Mara,

8    and Jill Vecchi of The Turley & Mara Law Firm, APLC, as Class Counsel for the purposes

9    of settlement and the releases and other obligations therein.

10    7.    CPT Group, Inc. is appointed as Settlement Administrator.

11    8.    The Notice of Class Settlement, in the form attached to the Agreement as

12    Exhibit 1, is approved.  (ECF No. 27 at Exh. 1)

13    9.    The Settlement Administrator is ordered to mail the Notice of Class

14    Settlement to the Class Members as provided in the Agreement, not later than thirty (30)

15    days of the date of electronic filing of this Order.  (ECF No. 27, ¶¶ 38-39)

16    10.    Each Class Member will have forty-five (45) days after the date on which the

17    Settlement Administrator mails the Notice of Class Settlement to object to the settlement by

18    informing the Settlement Administrator in writing of his or her intent to object by following

19    the procedure set forth in the Notice of Class Settlement.  (ECF No. 27, ¶ 19)

20    11.    Any Class Member who has submitted such written objections may, but is not

21    required to, appear himself or herself, or through counsel, at the Final Approval Hearing

22    and object to the approval of the Agreement or the award of attorneys' fees and

23    reimbursement of expenses to Class Counsel.  No Class Member, or any other person,

24    shall be heard or entitled to contest the approval of the proposed settlement, the judgment

25    to be entered approving the same, or the award of attorneys' fees and reimbursement of

26    expenses to Class Counsel, unless that Class Member has submitted written objections in

27    the manner set forth herein.  The Parties may file any response to the objections submitted

28    ///

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

by any objecting Class Members, if at all, no later than seven (7) days before the Final

Approval Hearing. (ECF No. 27, ¶¶ 45-47)

12. Any Class Member who does not make his or her objection(s) in the manner so provided herein and in the Notice of Class Settlement shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed settlement and the award of attorneys' fees and reimbursement of expenses to counsel. Such waiver also applies to the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court. (Id.)

13. Each Class Member who wishes to be excluded from the settlement shall sign and mail a written request for exclusion to the Settlement Administrator. The written Request for Exclusion must (a) state the Class Member's name, address, telephone number, and social security number; (b) state the Class Member's request to exclude himself or herself from the settlement and to opt out of the settlement; (c) be signed by the Class Member or his or her lawful representative; and (d) be addressed and sent to the Settlement Administrator and postmarked no later than forty-five (45) days after the date of mailing of the Notice of Class Settlement. (ECF No. 27, ¶¶ 40-42)

14. Defendant has already sent notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

15. If the Agreement is not finally approved by the Court or for any reason is terminated or the Effective Date of the settlement does not occur for any reason whatsoever, the Agreement and the proposed settlement that is the subject of this Order, and all evidence and proceedings had in connections therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation, as more specifically set forth in the Settlement Agreement. (ECF No. 27, ¶ 32)

16. Plaintiff shall file a Motion for Attorney's Fees and Costs not later than **September 13, 2018**.

///

///

Case No. 16-CV-00324-MCE-AC

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

17.    Plaintiff shall file a Motion for Final Approval of Settlement and Release including any information intended to support his request for an incentive award, and cost of Settlement Administration, on or before **November 1, 2018**.

18.    The hearing on Plaintiff's Motion for Final Approval of Settlement and Release shall be held on **November 29, 2018**, at 2:00 p.m. before the Honorable Morrison C. England Jr., in Courtroom 7 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, CA 95814.

19.    During the Court's consideration of the settlement and pending further order of the Court, all proceedings in this case, other than proceedings necessary to carry out the terms and provisions of the Agreement, or as otherwise directed by the Court, are hereby STAYED.

20.    To facilitate administration of the settlement pending final approval, the Court hereby ENJOINS the Class Members from prosecuting the Released Claims against Defendant or the Released Parties unless and until the Class Member files a valid Request for Exclusion.

21.    The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as a finding by the Court, or an admission on the part of Defendant or any of the Released Parties, of any fault or omission with respect to any claim or that this Action is appropriate for class treatment for litigation purposes.  Entry of this Order is without prejudice to the rights of Defendant or any of the Released Parties to oppose class certification in this Action, should the proposed Agreement not be granted final approval.

IT IS SO ORDERED.

Dated:  July 30, 2018

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT