# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM EURE, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>RYDER INTEGRATED LOGISTICS, INC., a corporation; RYDER DEDICATED LOGISTICS, INC., a corporation, and DOES 1-100, inclusive,<br><br>Defendant. | Case No.: 16-cv-00324-MCE-AC<br><br>[Assigned For All Purposes The Honorable Morrison C. England Jr.]<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date: November 15, 2018<br>Time: 11:00 a.m.<br>Judge: Hon. Morrison C. England<br>Courtroom: 7<br><br>Action Filed: April 20, 2015<br>Action Removed: February 17, 2016 |

## I. RECITALS

This matter came on for hearing on November 15, 2018, in Courtroom 7 of the above-captioned Court on Plaintiff's unopposed Motion for Final Approval of Class Action Settlement in the putative class action (the "Action") currently pending before this Court.

Having received and considered the Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement"), which together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and entry of judgment upon the terms and conditions set forth therein, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement[1], and the instant Motion for Final Approval of Class Action Settlement, the Court grants final approval of the Settlement Agreement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

## II. FINDINGS

After review and consideration of the Settlement Agreement (Dkt. No. 27) and Plaintiff's Motion for Final Approval of Class Action Settlement and the papers in support thereof, the Court hereby finds and orders as follows:

1. Pursuant to the Order Granting Motion for Preliminary Approval of Class and Collective Action Settlement (Dkt. # 31), a Notice of Class Action Settlement ("Class Notice") was mailed to 1,494 members of the Class ("Class Members") by first-class U.S. Mail on August 29, 2018.

2. The Court finds that distribution of the Class Notice in the manner set forth in the preliminary approval order and the Settlement Agreement constitutes the best notice practicable under the circumstances, and

---

[1] The Settlement Agreement was originally filed with the Court in conjunction with Plaintiff's Motion for Preliminary Approval and the Court granted preliminary approval of the settlement on July 30, 2018 (Dkt. Nos. 27 and 31)

constituted valid, due and sufficient notice to all Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable laws. The Class Notice procedure set forth in the Settlement Agreement provides a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meets the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution, and any other applicable law, and constitutes due and sufficient notice to all Class Members.

3. The Class Notice informed the Class Members of the terms of the Settlement, of their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the settlement, of their right to request exclusion from the Class and the settlement, and of the date set for the Final Approval hearing. Adequate periods of time were provided by each of these procedures. No member of the Class filed a written objection to the proposed Settlement as part of this notice process or stated an intention to appear at the final approval hearing. One Class Member validly requested exclusion from the Class and the Settlement. This one individual represents 0.06% of the Class Members.

4. The Court finds and determines that the notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Class Notice was the best notice practicable, which satisfied the requirements of law and due process.

5. Solely for the purpose of settlement in accordance with the Settlement Agreement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to settlement approval of class actions have been satisfied, and the Court hereby certifies the following Class: All individuals who are or were employed by Defendant Ryder Integrated Logistics, Inc. ("Defendant") in California as drivers who were paid exclusively on an hourly basis at any time between April 20, 2011 and July 30, 2018. (Dkt. No. 27, at ¶ 4).

6. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court further finds as to the Class that:

   a. The Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Class which predominate over the questions affecting only individual members;

   c. The claims of the Class Representative are typical of the claims of the Class that the Class Representative seeks to certify;

   d. The Class Representative, Plaintiff Tim Eure, will fairly and adequately protect the interests of the Class and are, therefore, appointed as the representative of the Class;

   e. Class Counsel, The Turley & Mara Law Firm, APLC, will fairly and adequately protect the interests of the Class and are qualified to represent the Class and are, therefore, appointed as attorneys for the Class for purposes of settlement; and

   f. Certification of the Class is superior to other available methods for fair and efficient adjudication of the

|   |     | controversy. |
|---|-----|---|

7. The Court has considered the *In re Bluetooth Products Liability Litigation* ("*Bluetooth*") (9th Cir. 2011) 654 F.3d 935, 946, factors. The Court finds that Class Counsel is not receiving a disproportionate distribution of the Settlement and, although Defendant has agreed to not object to an attorney fee request not to exceed Seventy Five Thousand Dollars and No Cents ($75,000.00), if the amount awarded is less than the amount requested by Class Counsel, the difference will become a part of the Net Settlement Amount which will be distributed to Participating Class Members as part of their Settlement Payments.

8. The Court finds that the Settlement is fair when compared to the strength of Plaintiff's case, Defendants' defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

9. The Court finds that the Parties conducted adequate investigation and research, and that their attorneys were able to reasonably evaluate their respective positions. The Court finds that the Settlement was reached as a result of informed and non-collusive arm's-length negotiation.

10. The Court finds that Class Counsel has extensive experience acting as class counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight. The Court further finds that the Class' reaction to the settlement – with no objections and one valid request for exclusion – weighs in favor of granting Final Approval of the Settlement.

11. The Settlement Agreement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall

be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

12. The Court finds and determines that the individual Settlement Payments to be paid to each Participating Class Member as provided for by the Settlement are fair and reasonable.

## III. ORDER

IT IS HEREBY ORDERED as follows:

1. The Court hereby gives final approval to and orders the payment of the individual Settlement Payments be made to the Participating Class Members in accordance with the terms of the Settlement.

2. The Settlement Administration costs in the amount of $20,000 are approved and ordered paid to CPT Group, Inc. in accordance with the terms of the Settlement Agreement[2].

3. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Settlement Agreement.

4. The Class Representatives and all Participating Class Members are permanently barred and enjoined from prosecuting against Defendant, and the Released Parties, any of the Released Claims as defined in the Settlement Agreement.

5. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

---

[2] The Court determines by a separate order the requests by Plaintiff, the Class Representative, through Class Counsel, for the payment of the enhancement award payment, Class Counsel's Attorneys' Fees and Costs. Any court order regarding the application of these payments shall in no way disturb or affect this Order and shall be considered separate from this Order.

6. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendant makes payments to Participating Class Members in accordance with the Settlement.

7. The Court hereby enters final judgment in this case in accordance with the terms of the Settlement Agreement, Order Granting Motion for Preliminary Approval of Class Settlement, and this Order.

8. This Order shall constitute a final judgment.

9. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

Dated: 11·15·18

_____
Hon. Morrison C. England Jr.
United States District Court Judge